# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
November 29, 2023 Session

## WILLIE GRAVES v. IRELIA CALLOWAY ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-4119-19      Felicia Corbin Johnson, Judge**

_____

### No. W2022-01536-COA-R3-CV
_____

This is a negligence and premises liability action. One of the defendants, Appellee property owner, filed a motion for summary judgment three days after answering and before any discovery was scheduled or conducted. Appellant filed motions for permission to amend his complaint and for additional time to conduct discovery pursuant to Tennessee Rule of Civil Procedure 56.07. The trial court denied Appellant's motion for additional time, reserved his motion to amend his complaint, and heard Appellee's motion for summary judgment. The trial court granted Appellee's motion for summary judgment, dismissed Appellant's claims "with prejudice," and explicitly reserved its judgment pending adjudication of Appellant's pending motion for permission to amend. The trial court subsequently determined it did not have jurisdiction to adjudicate Appellant's motion to amend and instructed Appellant to file a Tennessee Rule of Civil Procedure 60 motion to set aside the judgment. The trial court denied Appellant's Rule 60 motion and motion to amend and certified its order awarding summary judgment to Appellee as final pursuant to Tennessee Rule of Civil Procedure 54.02. We vacate the award of summary judgment to Appellee and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

James E. King, Jr., Memphis, Tennessee, for the appellant, Willie Graves.

Richard Glassman and James F. Horner, Jr., Memphis, Tennessee, for the appellee, Irelia Calloway.

# OPINION

## I. Background and Procedural History

On September 17, 2019, Appellant Willie Graves filed a complaint for negligence and premises liability against Appellee Irelia Calloway and Felix Goodwin. In his complaint, Mr. Graves asserted that, on October 14, 2018, as a favor to Ms. Calloway, he was attempting to install a "squirrel cage" in her attic. To that end, Mr. Craig was using a ladder that was owned and supplied by Mr. Goodwin. Mr. Graves averred that "[i]n an attempt to take all reasonable measures to assure his own safety[, he] had Mr. Goodwin hold the ladder while he was on it." He further submitted that Mr. Goodwin became distracted while speaking with Ms. Calloway and "negligently allowed the ladder to give way[.]" Mr. Graves asserted that he sustained a laceration to his left arm and, on October 29, was diagnosed with "possible bursitis" at Methodist North Hospital. He further averred that, on November 5, he was seen at Regional One Health for pain and swelling in his left arm, chest tightness, nausea, and vomiting. Mr. Graves submitted that he tested positive for sepsis, second degree cellulitis, and possible bursitis and was admitted to the hospital, where he remained for twenty days. Mr. Graves asserted that he underwent three surgeries to drain an abscess in his arm, and needed to return to the hospital in December to have the abscess drained a fourth time.

In his complaint, Mr. Graves asserted that Ms. Calloway breached her duty of care by negligently distracting Mr. Goodwin and by allowing a "potentially unsafe ladder, a dangerous condition, to be used on her property." He also asserted that Mr. Goodwin breached his duty of care by providing "a ladder that was a potentially unsafe and dangerous condition[]" and by becoming distracted and allowing the ladder to give way. He alleged that his injuries were caused by Mr. Goodwin's and Ms. Calloway's negligence and asserted claims for damages including: (1) past and future physical pain and suffering; (2) past and future emotional pain and suffering; (3) past and future medical bills and expenses; (4) permanent impairment; (5) loss of earning and earning capacity; and (6) loss of enjoyment of life. Mr. Graves prayed for damages of not less than $750,000.00, along with post-judgment interest and costs.

On October 21, 2019, Ms. Calloway filed an answer, wherein she denied Mr. Graves' allegations of negligence. She further denied that she was present or had any conversation with Mr. Goodwin at the time of Mr. Graves' alleged fall. Ms. Calloway asserted the affirmative defenses of: (1) failure to state a claim; (2) lack of causation; (3) comparative fault of Mr. Graves and Mr. Goodwin; and (4) superseding and intervening cause. She further asserted that Mr. Graves' "need of medical attention" did not result from his alleged fall and that Mr. Graves failed to mitigate his damages.

On October 24, 2019, Ms. Calloway filed a motion for summary judgment. In her statement of undisputed facts and affidavit, Ms. Calloway asserted that she was not at her

home and was not communicating with Mr. Goodwin when Mr. Graves allegedly fell. She submitted that she was at church and, therefore, did not distract Mr. Goodwin or cause the ladder to give way. On November 15, 2019 the trial court set Ms. Calloway's motion to be heard on December 6, 2019.

On December 5, Mr. Graves filed a motion for leave to amend his complaint in order to "correct[] certain allegations[,]" make "material changes to the facts[,]" and "add[] additional allegations." In his motion, Mr. Graves asserted that,

> in his Amended Complaint[, Mr. Graves] corrects statements that Ms. Calloway was the one causing Mr. Goodwin to become distracted. Further, one does not have to be present to be found negligent or to breach a duty to warn under premises liability law.

In his proposed amended complaint, Mr. Graves asserted that Mr. Goodwin was distracted by talking to Ms. Calloway's daughter. He further stated that "[a]pparently there may have been a slick substance on the floor underneath the attic access point" in Ms. Calloway's garage, and that "[a]s [he] fell, his arm was severely cut by a sharp object, believed to be rusty nails, that was sticking out near the access point." He alleged that Ms. Calloway previously had squirrel cages installed in the attic, knew or should have known of a dangerous condition near the access point, and failed to warn Mr. Graves. Mr. Graves also alleged that the nails would not have been readily apparent to him because "the area around the access point was dark."

On December 5, Mr. Graves also filed his response to Ms. Calloway's motion for summary judgment and asserted that there had not been an opportunity to conduct discovery in the case. He requested additional time to conduct discovery pursuant to Tennessee Rule of Civil Procedure 56.07. In the alternative, Mr. Graves asserted that the allegations in his amended complaint would render Ms. Calloway's motion for summary judgment "moot." Mr. Graves attached an affidavit from his attorney, stating that there had not been sufficient time to conduct discovery. Counsel further stated that he had requested an opportunity to depose Ms. Calloway, but his request was refused by her legal counsel. He contended that discovery would allow Mr. Graves "to gain knowledge about the dangerous condition of the rusty nails near the attic access." He further asserted that "it would allow [Mr. Graves] to explore the extent to which [Ms.] Calloway knew of the dangerous condition and violated her duty to warn."

At the hearing on December 6, 2019, the trial court denied Mr. Graves' request for additional time and granted Ms. Calloway's motion for summary judgment. In its December 12 order, the trial court dismissed Mr. Graves' claims against Ms. Calloway "with prejudice" but explicitly "reserved the right" to reconsider its order if Mr. Graves "successfully prosecute[d] a Motion to Amend his Complaint so as to create a genuine issue of material fact for trial."

On January 10, 2020, Ms. Calloway responded to Mr. Graves' motion to amend his complaint. In her response, Ms. Calloway asserted that, in his proposed amended complaint, Mr. Graves abandoned the claims asserted against her in his original complaint and asserted new causes of action based upon theories of premises liability. She asserted that the premises liability claim was barred by the statute of limitations because Mr. Graves did not file his motion to amend within one year of his alleged injury. She further asserted that, because the complaint against her had been dismissed with prejudice, there was no complaint pending that could be amended.

The parties filed supplemental memos in support of their respective arguments. Following hearings in January and February, the trial court instructed Mr. Graves to file a Tennessee Rule of Civil Procedure 60.02 motion to correct, alter, or amend the judgment. On March 11, 2020, Mr. Graves filed the Rule 60.02 motion. The trial court heard the motion on August 17, 2021. By order entered on August 30, 2021, the trial court denied Mr. Graves' Rule 60.02 motion and again granted Ms. Calloway's motion for summary judgment.

On September 13, 2021, Mr. Graves filed a motion to certify the court's December 12, 2019 order as a final judgment. The parties filed multiple proposed orders and entered into a consent order in October 2022. On October 7, 2022, the trial court certified its December 12, 2019 order as final pursuant to Tennessee Rule of Civil Procedure 54.02. Mr. Graves filed a timely notice of appeal.

## II. Issues

Mr. Graves raises the following issues for review, as stated in his brief:

(1) Whether the trial court erred when it granted Ms. Calloway's Motion for Summary Judgment without allowing Mr. Graves to engage in discovery as he is entitled to under the Tennessee Rules of Civil Procedure?

(2) Whether the trial court erred when it refused to allow Mr. Graves an opportunity to Amend his Complaint when he attempted, through counsel, to do so at the hearing granting Ms. Calloway's Motion for Summary Judgment when at the time, Mr. Graves had not been allowed to engage in discovery?

(3) Whether the trial court erred when it required Mr. Graves to file a motion to amend the Complaint through Rule 60 of the Tennessee Rules of Civil Procedure, after granting Ms. Calloway's Motion for Summary Judgement, but reserving the right to reverse the Order?

## III. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the moving party is not the party who bears the burden of proof at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." ***Rye v. Women's Care Center of Memphis, MPLLC***, 477 S.W.3d 235, 264 (Tenn. 2015) (emphasis in the original). The moving party must do more than "make a conclusory assertion that summary judgment is appropriate[.]" ***Id.*** Rather, under Tennessee Rule of Civil Procedure 56.03, the motion for summary judgment must be supported by "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." ***Id.*** (quoting Tenn. R. Civ. P. 56.03). To survive a properly supported motion for summary judgment, "[t]he nonmoving party must demonstrate the existence of specific facts in the record" that show a genuine issue for trial. ***Id.*** at 265.

Appellate review of a trial court's ruling granting a motion for summary judgment is de novo, with no presumption of correctness. ***Id.*** at 250 (citation omitted). Under the de novo standard of review, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." ***Id.*** (citation omitted).

## IV. Analysis

We turn first to Mr. Graves' argument that the trial court erred by denying his December 5, 2019 request for further time to conduct discovery before adjudicating Ms. Calloway's motion for summary judgment on December 6. Mr. Graves asserts that Ms. Calloway filed her motion for summary judgment merely three days after filing her answer to his September 2019 complaint, and her motion was heard before any discovery had been conducted. He also asserts that he properly submitted an affidavit requesting additional time for discovery pursuant to Tennessee Rules of Civil Procedure 56.07 and contends that the trial court erred by declining to continue the hearing on Ms. Calloway's motion.

Tennessee Rule of Civil Procedure 56.07 provides:

Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

This rule safeguards against a grant of summary judgment that is premature or improvident. ***Smith v. Hughes***, 639 S.W.3d 627, 649 (Tenn. Ct. App. 2021) (citation omitted). Further, although a trial court's refusal to grant a continuance under Rule 56.07 is reviewed for an abuse of discretion, we have noted that:

> The trial court's decision to deny the party's request for additional time for discovery "'must be viewed in the context of the issues being tried and the posture of the case at the time the request for discovery is made.'" ***Cardiac Anesthesia Servs., PLLC v. Jones***, 385 S.W.3d 530, 537-38 (Tenn. Ct. App. 2012) (quoting ***Regions Fin. Corp. v. Marsh USA, Inc.***, 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009)). The interest in full discovery "must be balanced against the purpose of summary judgment," which is to provide a quick, inexpensive way to conclude cases when no dispute exists regarding the material facts. ***Id.*** at 537. Accordingly, "a trial court only errs in refusing to grant additional time for discovery prior to the hearing on a motion for summary judgment when the non-moving party can show that 'the requested discovery would have assisted [the non-moving party] in responding to [the moving party's] motion for summary judgment.'" ***Id.*** at 538. (quoting ***Regions***, 310 S.W.3d at 401).

***Id.*** The Tennessee Supreme Court has held that, "*after adequate time for discovery has been provided*, summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial." ***Rye***, 477 S.W.3d at 265 (emphasis added) (citing Tenn. R. Civ. P. 56.04, 56.06). "The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced*, despite the passage of discovery deadlines*, at a future trial." ***Id.*** (emphasis added).

As noted above, in his December 5 affidavit, counsel for Mr. Graves stated that Ms. Calloway filed her motion for summary judgment three days after filing her answer and asserted that he had no opportunity to conduct any discovery. He further stated:

> Counsel for [Mr. Graves] did, however, send a letter to counsel for [Ms.] Calloway asking for the ability to conduct discovery and take the deposition of Ms. Calloway. In said letter counsel for [Mr. Graves] asked for dates to take said depositions. Counsel for [Ms.] Calloway refused.

In his motion for additional time, Mr. Graves asserted that his proposed amended complaint included additional facts to support his September premises liability claim and argued that discovery was necessary with respect to those facts. On December 5, Mr. Graves also filed his motion to amend his complaint to include those facts.

In its December 2019 order granting Ms. Calloway's motion for summary judgment, the trial court denied Mr. Graves' motion for additional time but specifically "reserve[d] the right to reconsider" its order pending adjudication of Mr. Graves' motion to amend his complaint.  The trial court did not adjudicate Mr. Graves' motion to amend his complaint at the January and February 2020 hearings.  Rather, the trial court orally instructed Mr. Graves to file a Tennessee Rule of Civil Procedure Rule 60.02 motion to amend the December 2019 award of summary judgment.[1]  When it was eventually heard in August 2021, the trial court denied Mr. Graves' Rule 60.02 motion.

It is undisputed that fewer than two months elapsed between the filing of Mr. Graves' complaint and the award of summary judgment.  It is also undisputed that discovery was neither conducted nor scheduled.  Additionally, Ms. Calloway does not dispute that Mr. Graves requested deposition dates in writing and was refused by her counsel.  We agree that adequate time for discovery was not granted in this case.  Accordingly, the trial court erred in denying Mr. Graves' motion to continue the matter to conduct discovery as provided by Rule 56.07.  In view of our holding, all remaining issues are pretermitted.

## V. Conclusion

For the foregoing reasons, we vacate the award of summary judgment to Ms. Calloway. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion, including, but not limited to, discovery and adjudication of Mr. Graves' motion to amend his complaint. Costs of the appeal are assessed to Appellee, Irelia Calloway, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE

---

[1] The trial court did not enter a written order following the February 2020 hearing.